IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL SHILLING, | : | Case No.: 4:05cv871 |
| | : | |
| Plaintiff | : | Judge Jones |
| | : | |
| v | : | |
| | : | |
| ERIC P. BRUSH, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

August 26, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss The Montrose Police Department pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion") (doc. 7) filed by Defendant The Montrose Police Department ("Police Department") on July 1, 2005. For the reasons that follow, the Motion shall be granted.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

The plaintiff, Carol Shilling ("Plaintiff" or "Shilling") initiated this action by filing a complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against Defendants Eric P. Brush, John Walker, Chief of Police Bruce Korty, and the Police Department (collectively "Defendants") in the United States District Court

1

for the Middle District of Pennsylvania on April 29, 2005.

In the complaint, Plaintiff alleges that on May 2, 2003, at approximately 5:30 p.m., she was driving north on Chenago Street and came to a stop sign at "Prospect" in the Borough of Montrose.  (See Compl. ¶ 11).  At the aforementioned time and place, a Montrose police car reached the stop sign traveling east on Prospect Street.  Plaintiff motioned for the police officer to proceed; however, he did not.  Id. ¶¶ 12-13.  Plaintiff subsequently made a left turn onto Prospect Street and the police car then made a u-turn and stopped her.  Id. ¶¶ 14-15.  Plaintiff alleges that the police officer was Defendant Eric P. Brush ("Defendant Brush") who approached "in a menacing way with extremely threatening body language, one hand on his gun and the other in a clinched fist." Id. ¶ 16.  Plaintiff further asserts that Defendant Brush has a reputation in the community for intimidation and use of excessive force.  Id. ¶ 17.

Plaintiff provided documentation requested by Defendant Brush who told her he wanted her to exit her truck.  Plaintiff alleges that having had a previous confrontation with Defendant Brush, Plaintiff feared for her safety and drove away at a safe speed.  Id. ¶ 18.  Plaintiff drove to her home obeying all traffic rules.  Id. ¶ 19.  Defendant John Walker ("Defendant Walker") arrived at the scene in a personal vehicle, while off duty, and twice attempted to force Plaintiff off the road

with his vehicle on a curve.  Upon reaching her residence, Plaintiff ran into the house and called the state police.  Id. ¶¶ 20-21.  Defendant Brush "threw open [Plaintiff's] storm door pounding on the door and broke the storm door."  Id. ¶ 22.  Plaintiff exited her house with her hands up at which time Defendant Brush grabbed Plaintiff's left arm and twisted it so severely behind her back that the back of her hand hit the back of her head.  Plaintiff then alleges that Defendant Brush slammed her into her truck bruising her ribs and handcuffed her behind the back.  Defendant Brush pushed Plaintiff into the police car, went to the truck, and removed documentation which has never been returned to Plaintiff.  Id. ¶¶ 23-26.  Plaintiff requested that she be handcuffed in front, which Defendant Walker proceeded to do.  Plaintiff was arrested and taken to the Montrose Police Station.  Id. ¶¶ 27-29.  Plaintiff was released without charges being made at that time; however, two weeks later charges were filed.  Id. ¶¶ 30-31.

Plaintiff has asserted 42 U.S.C. §§ 1983, 1985, and 1986 claims against the Police Department in the complaint.

**STANDARD OF REVIEW:**

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d

63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> <u>also</u> <u>District Council 47 v. Bradley</u>, 795 F.2d4 310 (3d Cir. 1986).

**<u>DISCUSSION</u>**:

In the Motion, the Police Department argues that Plaintiff does not have a civil rights cause of action against a police department because a police department is not a separate legal entity that can be sued.  The Police Department cites two cases from the United States District Court for the Eastern District of Pennsylvania, <u>Regalbuto v. City of Philadelphia</u>, 937 F. Supp. 374 (E.D. Pa. 1995), <u>aff'd</u>, 91 F.3d 125 (3d Cir. 1996) and <u>Fullman v. Philadelphia Int'l Airport</u>, 49 F.Supp.2d 434 (E.D. Pa. 1999), which held that the Philadelphia Police Department, the Philadelphia Fire Department, and the Philadelphia International Airport are not separate legal entities from the City of Philadelphia and cannot therefore be sued.  The Police Department asserts that like the Philadelphia Police

Department and the Philadelphia International Airport, it is not a separate legal entity that is capable of being sued for civil rights claims such as those asserted by Plaintiff in the case sub judice.  Finally, the Police Department cites to federal court cases from multiple other states in support of the rule that a police department is not a suable entity.

In response, Plaintiff maintains that a specific law, 53 Pa. Cons. Stat. § 16257, applies to the City of Philadelphia and requires that actions against an entity of the City of Philadelphia be in the name of the City of Philadelphia.[1] Plaintiff argues that the Police Department does not cite a similar statute for any municipality outside the City of Philadelphia and asserts that in the complaint, Plaintiff identifies the Police Department as an agency of the Borough of Montrose.  "As an agency of the municipality, it is part of a local government and as such can be sued in its own name as part of that municipality, unless otherwise excluded by law.  In essence, the police department is the municipality."  (Pl.'s Br.

---

[1] 53 Pa. Cons. Stat. § 16257 provides, in pertinent part, as follows:

All bonds, contracts and obligations heretofore executed, judgments entered, claims filed, and suits now pending in the name of any department of said city, formerly having had a corporation existence, are declared to be good and valid, and to inure to the use of the city; but no such department shall be taken to have had, since the passage of the act to which is a supplement, a separate corporate existence, and hereafter all suits growing out of their transactions, and all claims to be filed for removing nuisances, together with all bonds, contracts and obligations, hereafter to be entered into or received by the said departments, shall be in the name of the city of Philadelphia.

Opp. Def.'s Mot. Dismiss at 4-5).

After a careful review of the record and applicable case law, we are in agreement with Defendant Police Department that police departments are not "persons" within the meaning of 42 U.S.C. § 1983 ("§ 1983") and are merely subunits of the city, as opposed to separate corporate entities. Police departments are therefore not suable entities in § 1983 actions. Stokes v. The Chester County Sheriff's Dept., 1994 U.S. Dist. LEXIS 16895 (E.D. Pa. 1994) (citing Britton v. Philadelphia Police Dept., 69 F.R.D. 449, 450 (E.D. Pa. 1975); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992); Chan v. City of Chicago, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991); Stump v. Gates, 777 F. Supp. 808, 815 (D. Colo. 1991). In Johnson v. City of Erie, 834 F. Supp. 873 (W.D. Pa. 1993), the United States District Court for the Western District of Pennsylvania is instructive in that regard. There, Judge Glenn E. Mencer stated, in relevant part, as follows:

> While Monell [v. Dept. of Social Services, 436 U.S. 658 (1978)] clearly holds that a local government is a person subject to suit, we reject plaintiffs' argument that each governmental sub-unit or department is a person distinct from the government at large. The City of Erie Police Department is a sub-unit of the city government and, as such, is merely a vehicle through which the city fulfills its policing functions. . . The numerous courts that have considered the question of whether a municipal police department is a proper defendant in a section 1983 action have unanimously reached the conclusion that it is not. As a sub-unit of the City of Erie government, we find the police department an improper and unnecessary party to this action and will grant the motion to dismiss the department.

Id. at 878-89 (internal citations omitted).

We find that Plaintiff's allegations regarding the Police Department in the complaint reveal that the Police Department is a subunit of the Borough of Montrose, as opposed to a separate corporate entity.  Consider, for example, that as Plaintiff points out in her submission, she alleges that "The Defendant, Montrose Police Department is an agency of the Borough of Montrose with a principle place of business at P.O. Box 216 in the Borough of Montrose, County of Susquehanna and Commonwealth of Pennsylvania."  (See Compl. ¶ 10).  As such, the Police Department is not a suable entity in Plaintiff's § 1983 action as we previously explained.

In addition, as Defendant Police Department submits, Federal Rule 17(b) explicitly refers to individuals, corporations, partnerships, and unincorporated associations that have the capacity to sue or be sued either as a plaintiff or as a defendant.  Federal Rule 17(b) provides, in pertinent part, as follows:

> **(b) Capacity to Sue or be Sued.**  The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile.  The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized.  In all other cases capacity to sue or be used shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of

the United States[.]

Fed.R.Civ.P. 17(b). The Police Department does not fall into any of the aforementioned categories delineated concerning capacity to sue or be sued as it is not an individual, corporation, partnership, or unincorporated association. Finally, we do not find it necessary that a specific Pennsylvania statute similar to the above-referenced Philadelphia statute state that a suit against the Montrose Police Department is not the same as a suit against the Borough of Montrose.

The Montrose Police Department shall therefore be dismissed as a defendant in this action. The Borough of Montrose is the proper suable party under Federal Rule 17 and applicable case law, as Defendant Police Department submits. As Plaintiff has not named the Borough of Montrose as a defendant in the case sub judice, we will provide Plaintiff with twenty (20) days to amend her complaint in compliance with this Order.[2]

---

[2] We note that Defendant Police Department appears to argue that the statute of limitations on Plaintiff's claims ran on May 2, 2005 and accordingly, it acts as a bar to any claim now raised against the Borough of Montrose. It is premature at this juncture to address the Police Department's statute of limitations argument. Defendants are free to raise this affirmative defense if and when Plaintiff amends her complaint in this action.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Motion to Dismiss The Montrose Police Department (doc. 7) is GRANTED.

2. The Montrose Police Department is dismissed as a defendant in this action.

3. Plaintiff may amend her complaint within twenty (20) days of the date of this Order to be in compliance therewith.

4. If Plaintiff files an amended complaint with the Court, Defendants shall answer or otherwise respond to it in accordance with the Federal Rules of Civil Procedure

s/ John E. Jones III
John E. Jones III
United States District Judge