IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL SHILLING, | : | Case No.: 4:05cv871 |
| | : | |
| Plaintiff | : | Judge Jones |
| | : | |
| v | : | |
| | : | |
| ERIC P. BRUSH, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

January 27, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion to Dismiss the Amended Complaint against the Borough of Montrose pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion") (doc. 23) filed by Defendant Borough of Montrose on December 1, 2005. For the reasons that follow, the Motion shall be denied.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

As we explained in our prior Order, the plaintiff, Carol Shilling ("Plaintiff" or "Shilling") initiated this action by filing a complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against Defendants Eric P. Brush, John Walker, Chief of Police Bruce Korty, and the Montrose Police Department (collectively

1

"Defendants") in the United States District Court for the Middle District of Pennsylvania on April 29, 2005.  On August 26, 2005, we granted the Montrose Police Department's Motion to Dismiss and provided Plaintiff with twenty days to file an amended complaint in compliance with our Order.  On September 16, 2005, Plaintiff filed an amended complaint, adding the Borough of Montrose as a named Defendant.  (Rec. Doc.17).

Plaintiff's amended complaint is brought pursuant to the same statutory provisions as was her original complaint, specifically 42 U.S.C. §§ 1983, 1985, and 1986.  Plaintiff's amended complaint adds a 42 U.S.C. § 1983 claim against the Borough of Montrose for the failure to train and supervise and "deliberate indifference."  (Am. Compl. ¶¶ 32-39).  Plaintiff alleges that Defendants Brush and Walker acted under color of state law both in their official and personal capacities while employed by the municipality of Montrose.  According to the amended complaint, the Borough of Montrose failed to train and supervise the individual Defendants in the fundamental law of arrest and use of force when effectuating an arrest.  Id. at ¶¶ 32-33.  "Such failures were the result of intentional and negligent misconduct towards which the municipality demonstrated deliberate indifference."  Id. at ¶ 34.  Plaintiff alleges that the Borough of Montrose knew or should have known of the propensity of the individual Defendants to use their positions of

2

authority to the detriment of innocent victims, such as Plaintiff.  The incident at issue was "flagrant" and the then police chief failed to investigate or discipline the participating officers.  Plaintiff asserts that the training and supervision of such officers was insufficient, inadequate, and the municipality has a custom or policy of indifference to the necessity of adequate training.  Id. at ¶¶ 36-38.  Finally, as a direct and proximate cause of such acts, omissions, policies, and customs of the municipality, Plaintiff alleges that Defendants improperly arrested and used excessive force against her.

Defendant Borough of Montrose filed the instant Motion on December 1, 2005, which has been briefed by the parties.  The Motion is therefore ripe for disposition.

**STANDARD OF REVIEW:**

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore,

"a complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957);

<u>see</u> <u>also</u> <u>District Council 47 v. Bradley</u>, 795 F.2d4 310 (3d Cir. 1986).

**<u>DISCUSSION</u>**:

In the Motion, the Borough of Montrose argues that the amended complaint

against it must be dismissed as it was not filed until more than four and one half

months after the expiration of the applicable statute of limitations.  The Borough of

Montrose asserts that it cannot be sued after the expiration of the statute of

limitations where there is a substantially different transaction/occurrence and the

lack of valid notice, all of which is prejudicial to the municipality.

In response, Plaintiff argues that the amendment did not violate the statute of

limitations because it relates backs to the original, timely filed complaint pursuant

to Federal Rule 15(c)(3).  Plaintiff contends that changing the identity of the

parties, even though the statute of limitations has run, is permitted under Federal

Rule 15(c)(3).  "The Plaintiff has met the criteria of: (a) demonstrating that there is

shared representation by Attorney Joseph Murphy; (b) there is no questions [sic]

that there was Notice via an identity of interest with the originally named

Defendant Montrose Police Department and (c) but for a mistake concerning the

identity of the proper party, the Borough of Montrose would have been named the Defendant." (Pl.'s Br. Opp. Def.'s Mot. Dismiss Am. Comp. at 6-7).

We initially note that Plaintiff filed her civil rights action pursuant to 42 U.S.C. § 1983 on April 29, 2005, as the result of an incident that occurred on May 2, 2003. Section 1983 claims are governed by the relevant state's statute of limitations for personal damages. Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). It is well-established that in Pennsylvania, actions to recover for personal damages must be commenced within two years and a cause of action accrues when the plaintiff knows or has reason to know of the damages that are the basis of the action. 42 Pa.C.S. § 5524(2); see also Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993). Accordingly, as both parties appear to agree, to meet the requisite time limitations for an action to recover personal damages in Pennsylvania, Plaintiff's complaint must have been filed on or before May 2, 2005. Although Plaintiff's complaint was filed prior to such date, Plaintiff's amended complaint was not filed until August 26, 2005, several months after the expiration of the statute of limitations. The issue then becomes whether the amended pleading relates back to Plaintiff's original, timely filed complaint pursuant to Federal Rule 15(c), such that the amendment does not violate the applicable statute of limitations.

Federal Rule 15(c) permits amendment of a pleading to relate back to the date of the original pleading when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c).

We must determine whether Plaintiff can use Federal Rule 15(c)(3) to have her amended complaint, which added the Borough of Montrose as a named Defendant, relate back to her original complaint.  As the Third Circuit Court of Appeals has recently instructed, Federal Rule 15(c)(3) is written in the conjunctive, and courts interpret it to impose three conditions, all of which must be satisfied for a successful relation back of an amended complaint that seeks to add a newly named defendant.  See Singletary v. Pennsylvania Dep't of Corr., 266 F.3d 186, 194 (3d Cir. 2001).

6

Accordingly, we must first consider whether the claim(s) asserted in the amended complaint arose out of the conduct, transaction, or occurrence set forth in the complaint.  The Borough of Montrose argues that Plaintiff's claim against it is a substantially different transaction/occurrence than Plaintiff's claims against the individual Defendants who were involved in the incident at issue on May 2, 2003. In that regard, the Borough of Montrose asserts that only one count in Plaintiff's amended complaint is against it, namely the alleged failure to train and supervise, and alleged deliberate indifference, which the Borough contends is distinguishable from the federal claims and multiple state law claims asserted against the individual Defendants.

After a careful review of Plaintiff's complaint and amended complaint, we find that the primary difference in the pleadings involves the assertion of a § 1983 action against the Borough of Montrose, instead of against the Montrose Police Department because as noted, our prior Order indicated that police departments are not suable entities in § 1983 actions.  The substance of the § 1983 failure to train, supervise, and deliberate indifference claim in Plaintiff's amended complaint, Count I, contains identical or nearly identical allegations as did Count I of her original complaint, the only difference being a newly named Defendant, in accordance with our prior Order.  We find that the failure to train/supervise the

7

individual Defendants in the law of arresting individuals and in the use of force when effectuating an arrest arose out of the conduct, transaction, or occurrence set forth in Plaintiff's original pleading, which concerns a traffic stop and the subsequent chase and arrest of her on May 2, 2003.  Accordingly, Federal Rule 15(c)(2) is satisfied.

Second, we must determine whether the Borough of Montrose has received "such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits[.]"  Fed.R.Civ.P. 15(c)(3)(A).  As the Third Circuit Court of Appeals has explained, Federal Rule 15(c)(3) notice does not require actual service of process on the party sought to be added, the Borough of Montrose in this case, notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means.  Singletary, 266 F.3d at 195; see also Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175 (3d Cir. 1977) (holding that a person who the plaintiff sought to add as a defendant had adequate notice under 15(c)(3) when, within the relevant period, the person by happenstance saw a copy of the complaint naming both the place where he worked and an "unknown employee" as a defendant, which he knew referred to him).  "At the same time, the notice received must be more than notice of the event that gave rise

to the cause of action; it must be notice that the plaintiff has instituted the action." Singletary, 266 F.3d at 195.  Moreover, the "prejudice" to which the Rule refers is that suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale.  Nelson v. County of Allegheny, 60 F.3d 1010, 1014-15 (3d Cir. 1995).

The Borough of Montrose argues that when Plaintiff sued the Montrose Police Department, it was suing a non-entity which had no legal existence. Moreover, because the Montrose Police Department had no legal existence on April 29, 2005, when the complaint was filed in this action, the Borough of Montrose contends that it cannot now be concluded that Plaintiff is simply changing the name of a party.  The Borough of Montrose maintains that it did not receive valid notice of Plaintiff's claims to justify the filing of an amended complaint after the expiration of the statute of limitations.

In response, Plaintiff argues that the naming of the Montrose Police Department, rather than the Borough of Montrose, was a mistake of law, but asserts that the Borough is not prejudiced.  Plaintiff advances two methods of imputing notice to the Borough that she argues are implicated here: (1) the shared attorney method and (2) the identity of interest method.  We will discuss these

methods in turn.

We initially note that the "shared attorney" method of imputing Federal Rule 15(c)(3) notice is based upon the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action.  Singletary, 266 F.3d at 196.  As the Third Circuit Court of Appeals instructed, this method has been accepted by other Courts of Appeals and by district courts within this Circuit.  See Gleason v. McBride, 869 F.2d 688, 693 (2d Cir. 1989); Barkins v. Int'l Inns, Inc., 825 F.2d 905, 907 (5th Cir. 1987); Berndt v. State of Tennessee, 796 F.2d 879, 884 (6th Cir. 1986); Heinly v. Queen, 146 F.R.D. 102, 107 (E.D. Pa. 1993); Kinnally v. Bell of Pennsylvania, 748 F. Supp. 1136, 1141 (E.D. Pa. 1990).  The relevant inquiry under this method is whether notice of the institution of this action can be imputed to the Borough of Montrose within the relevant 120 day period, by virtue of representation the Borough of Montrose shared with a Defendant originally named in the lawsuit, the Montrose Police Department.

On May 12, 2005, Joseph A. Murphy, Esquire entered his appearance on behalf of all originally named Defendants, including the Montrose Police Department.  After the amended complaint was filed, on October 12, 2005, the

same attorney entered his appearance for the Borough of Montrose.  In addition, and as noted, Mr. Murphy also represents all of the individual Defendants in this action, who are employees of the Borough of Montrose.  As submitted by Plaintiff and as not specifically contested by the Borough of Montrose in its submissions, the original waiver of service in this case demonstrates that service was made within the 120 day period under Federal Rule 4(m).  Mr. Murphy entered his appearance on behalf of the Defendants well before the relevant 120 day period had run and, within the period provided by Federal Rule 4(m), the Borough of Montrose received such notice of the institution of the action that it will not be prejudiced in maintaining a defense on the merits.  We accordingly find that as the originally named party, the Montrose Police Department, and the party who was recently added as a named Defendant, the Borough of Montrose, are represented by the same attorney, who also represents the individual Defendant employees of the Borough, we may impute notice to the Borough of Montrose.

Assuming, <u>arguendo</u>, that we did not impute notice to the Borough of Montrose as per the "shared attorney" method under Federal Rule 15(c)(3), we will analyze the "identity of interest" method of imputing Federal Rule 15(c)(3) notice to the Borough of Montrose at this juncture.  The Third Circuit Court of Appeals has explained that the "identity of interest" method is closely related to the "shared

attorney" method and has been explained by one commentator as follows: "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Singletary, 266 F.3d at 197 (quoting 6A Charles A. Wright et al., Federal Practice And Procedure S 1499, at 146 (2d ed. 1990)).  The relevant issue is accordingly whether the Borough of Montrose has a sufficient identity of interest with the originally named Defendant, the Montrose Police Department, to impute the notice that the Montrose Police Department received to the Borough of Montrose.

In our August 26, 2005 Order, we determined that Plaintiff's allegations regarding the Montrose Police Department in the complaint revealed the Montrose Police Department to be a subunit of the Borough of Montrose, as opposed to a separate corporate entity.  (Rec. Doc. 16).  In dismissing the Montrose Police Department from the case sub judice, we instructed that the Borough of Montrose is the proper suable party under Federal Rule 17 and applicable case law.  In compliance with our Order, Plaintiff then added the Borough of Montrose as a named Defendant in this action.  As noted in our August 26, 2005 Order and as submitted by Plaintiff, the Montrose Police Department was pled as an agency of the Borough of Montrose, which is a strong indication that the Borough and Police

12

Department are so closely related in their business operations or other activities

that the institution of an action against one of them serves to provide notice of the

litigation to the other.  Moreover, the fact that the same counsel represents both

parties is further evidence that the "identity of interest" method of imputing

Federal Rule 15(c)(3) notice to the Borough of Montrose is satisfied.

After having determined that the claim asserted in the amended pleading

arose out of the conduct, transaction, or occurrence set forth in the original

complaint and that the Borough of Montrose received such notice of the institution

of this action that it is not prejudiced in maintaining a defense on the merits, our

final task pursuant to Federal Rule 15(c)(3) is to ascertain whether the Borough of

Montrose knew or should have known that, "but for a mistake concerning the

identity of the proper party, the action would have been brought against the party."

Fed.R.Civ.P. 15(c)(3)(B).

We begin analysis of this issue by considering the submissions the Montrose

Police Department filed when it sought to have the Court dismiss Plaintiff's

complaint.  In such submissions, the Montrose Police Department initiated the

statute of limitations argument presently before the Court by noting that the statute

of limitations on Plaintiff's claims expired on May 2, 2005 and that the Borough of

Montrose is the only suable party under Federal Rule 17.  Accordingly, as early as

13

at least July 1, 2005, the date that the Montrose Police Department filed the aforementioned Motion to Dismiss Plaintiff's complaint, the newly added party, the Borough of Montrose, knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against the Borough of Montrose.  We do not find this case to be one of a "John Doe" complaint, substituting real names for "John Does" or "Unknown Persons" named in the original complaint, but it is one in which Plaintiff erroneously originally named the Montrose Police Department as a Defendant, in lieu of the Borough of Montrose.  The explicit reference to the Montrose Police Department as an agency of the Borough of Montrose in Plaintiff's complaint and the Montrose Police Department's subsequent filings indicating it recognized that the Borough of Montrose was the proper Defendant against whom to bring suit, reveal that the Borough of Montrose knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against it.

After a careful review of the record, applicable case law, and based upon basic principles of fairness and equity under the circumstances, we find that Plaintiff's amended complaint does not violate the statute of limitations in this case because the amendment relates back to her original, timely filed complaint

pursuant to Federal Rule 15(c).  Therefore, the Borough of Montrose's Motion to

Dismiss the amended complaint is denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

> 1.      The Motion to Dismiss the Amended Complaint against the Borough
>
>        of Montrose (doc. 23) is DENIED.

s/ John E. Jones III
John E. Jones III
United States District Judge
